I concur in the majority's affirmance of the conviction in this case. However, I respectfully dissent from that part of the opinion remanding this case for a new sentencing hearing based upon the proceedings during the penalty phase. No Alabama authority supports the majority's decision to remand.
I agree with the State's argument that the evidence at issue here (the presentation of videotapes demonstrating the lengths to which the appellant went to avoid detection and capture) was admissible as proper rebuttal to the appellant's evidence of his extreme emotional disturbance presented during the penalty phase of these proceedings. Dr. Kathy A. Ronan, a psychologist, testified for the appellant, stating that although the appellant did not suffer from a "major psychiatric illness," he was unstable, and suffered from depression, perceptual aberrations, and a "mixed personality disorder" exhibiting "dependent, avoidant, passive-aggressive, paranoid, and perhaps schizotypal features." Clearly, the appellant offered this evidence in mitigation under § 13A-5-51(2), Ala. Code 1975, which reads, "The capital offense was committed while the defendant was under the influence of extreme mental or emotional disturbance."
The State may properly rebut evidence of mitigating circumstances. See McWilliams v. State, 640 So.2d 982, 988-991
(Ala.Cr.App. 1991), aff'd in part, remanded in part,640 So.2d 1015 (Ala. 1993). In fact, once the defendant presents mitigation evidence, the burden shifts to the State to disprove the factual existence of the defendant's mitigating circumstance by a preponderance of the evidence. § 13A-5-45(g), Ala. Code 1975. The State attempted to rebut the evidence offered by the appellant of extreme emotional disturbance by presentation of the videotape, which showed the methodical and calculating way the appellant had eluded his captors. Rather than "dehumanizing" the *Page 844 
appellant as the majority opinion suggests, this rebuttal evidence was offered to show that the appellant was not emotionally disturbed to any appreciable degree. It was offered to show that, in fact, the appellant was extremely clever and calculating about ensuring his safety and seclusion.
In addition, the trial judge instructed the jury that it was to consider only the one aggravating circumstance relied on by the prosecution and stated that it could "not consider any aggravating circumstance other than the aggravating circumstance of which I have instructed you."[1] (R. 624.)
Section 13A-5-45(d), Ala. Code 1975, states:
 "(d) Any evidence which has probative value and is relevant to sentence shall be received at the sentence hearing regardless of its admissibility under the exclusionary rules of evidence, provided that the defendant is accorded a fair opportunity to rebut any hearsay statements. This subsection shall not be construed to authorize the introduction of any evidence secured in violation of the Constitution of the United States or the State of Alabama."
In Hallford v. State, 548 So.2d 526 (Ala.Crim.App. 1988), aff'd, 548 So.2d 547 (Ala.), cert. denied, 493 U.S. 945,110 S.Ct. 354, 107 L.Ed.2d 342 (1989), we held that testimony by the defendant's daughter that she and the defendant had engaged in an incestuous relationship before the defendant killed her boyfriend was relevant to rebut the defendant's claim that he had no significant history of prior criminal activity, including his testimony that he had taken in his children and had given them a good home when no one else would. Hallford
stands for the proposition that the scope of rebuttal as to a mitigating factor is not limited to a very narrowly tailored subject matter. As § 13A-5-45(d) plainly states, any evidence that is probative and relevant to sentencing is properly presented in a capital sentencing hearing.
Therefore, I respectfully dissent from that portion of the majority's opinion remanding this matter for a new sentencing hearing.
[1] The sole aggravating circumstance relied upon by the prosecution, which was that the capital crime was committed during the course of or in flight from a burglary, was specifically noted by the court during its instructions to the jury. (R. 622.)